IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CV-54-D

| | | |
|---|---|---|
| RAY BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On February 10, 2012, Magistrate Judge Daniel issued a memorandum and recommendation ("M&R") [D.E. 30]. In the M&R, Judge Daniel recommended that the court grant Ray Bryant's ("Bryant" or "plaintiff") motion for judgment on the pleadings [D.E. 24], deny Michael J. Astrue's ("Commissioner" or "defendant") motion for judgment on the pleadings [D.E. 26], and remand the case to the Commissioner for further administrative proceedings. M&R 1. On February 16, 2012, the Commissioner objected to the M&R [D.E. 31]. Bryant did not respond.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and the Commissioner's objections. As for those portions of the M&R to which no party objected, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which the Commissioner objected. The Commissioner objects to Judge Daniel's recommendation that the court remand the case pursuant to sentence six of 42 U.S.C. § 405(g). Def.'s Obj. [D.E. 31] 3–6; see M&R 10–13. Judge Daniel recommended that the court do so to allow the Commissioner to consider "new and material evidence to determine whether [p]laintiff was disabled prior to August 21, 2010." M&R 14; see 42 U.S.C. § 405(g). Judge Daniel recommended that, on remand, the Commissioner consider a subsequent award of benefits to Bryant. M&R 10. Bryant received a notice of award in which the Commissioner found that Bryant was disabled as of August 21, 2010, the day following the issuance of the unfavorable decision in this case. See Pl.'s Reply [D.E. 29], Ex. 1 ("Notice of Award") 1; Tr. 6. Bryant notes that he based his approved claim on "the same conditions considered in the first application." M&R 13; see Pl.'s Reply 5. Because "there is no intervening gap [between the awards] during which time [Bryant's] condition could have deteriorated" and because of the applications' similarities, Judge Daniel concluded that "[the] subsequent finding of disability can constitute new and material evidence that could change the outcome of the first decision," and recommended remand. M&R 11–13; see Smith v. Astrue, No. 5:10-CV-219-FL, 2011 WL 3905509, at *2–3 (E.D.N.C. Sept. 2, 2011) (unpublished).

The Commissioner argues that remand is inappropriate because "the mere existence of the subsequent decision in plaintiff's favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding." Def.'s Obj. 4 (alteration and quotation omitted); see Allen v. Comm'r of Soc. Sec., 561 F.3d 646, 652–55 (6th Cir. 2009). Because Bryant has not provided any

2

substantive evidence that supported the subsequent notice of award and may support an award here, the Commissioner contends that there is an insufficient basis for remand. Def.'s Obj. 5; see Allen, 561 F.3d at 653.

The Fourth Circuit has not yet determined whether a subsequent benefit award, by itself, may justify remand pursuant to 42 U.S.C. § 405(g). However, this court and others in this circuit have found remand appropriate on materially indistinguishable facts. See, e.g., Laney v. Astrue, No. 7:10-CV-174-FL, 2011 WL 6046312, at *2 (E.D.N.C. Dec. 5, 2011) (unpublished); Smith, 2011 WL 3905509, at *3; Hayes v. Astrue, 488 F. Supp. 2d 560, 565 (W.D. Va. 2007) ("[W]here a second social security application finds a disability commencing at or near the time a decision on a previous application found no such disability, the subsequent finding of a disability may constitute new and material evidence."); cf. Atkinson v. Astrue, No. 5:10-CV-298-FL, 2011 WL 3664346, at *17 (E.D.N.C. July 20, 2011) (unpublished) (remand based on subsequent award was inappropriate when plaintiff provided notice of award without affirming that applications were similar and when subsequent award included disability onset date that was six months after adverse decision on the first application), mem. & recommendations adopted, 2011 WL 3664858 (E.D.N.C. Aug. 18, 2011) (unpublished). To the extent that the Sixth Circuit in Allen disagreed with this conclusion, this court is not bound by the Allen court's analysis. Judge Daniel cogently explained why the notice of award was new and material evidence, see M&R 10–13, and why a remand was consistent with Wilkins v. Sec'y Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (en banc). This court cannot add to Judge Daniel's analysis. Accordingly, the Commissioner's objection is overruled.

In sum, the court OVERRULES the objection [D.E. 31] and adopts the M&R [D.E. 30]. Accordingly, plaintiff's motion for judgment on the pleadings [D.E. 24] is GRANTED, defendant's

3

motion for judgment on the pleadings [D.E. 26] is DENIED, and the court REMANDS this matter to the Commissioner for further administrative proceedings.

SO ORDERED. This 15 day of March 2012.

JAMES C. DEVER III
Chief United States District Judge